ROGELIO DE LEÓN, Plaintiff and Appellee, *v.* DELFINA RIVERA, Defendant and Appellant.

No. 7377.   Argued November 16, 1936.—Decided November 18, 1936.

*R. Ramírez Pabón* for appellant. *Silvestre Cruz Disdier* for appellee.

Mr. Justice Córdova Dávila delivered the opinion of the Court.

Delfina Rivera signed fifteen promissory notes in favor of Rogelio de León, who has brought this action on a number of them which have not been paid.

The third paragraph of the complaint alleges that the notes are attached to the complaint, and the fourth paragraph ratifies this allegation, stating that the said overdue notes, signed by the defendant in favor of the plaintiff, "are attached to this complaint and form part of the same."

The defendant, after her default had been entered and rendered against her, took this appeal. The plaintiff-appellee has moved to dismiss the appeal on the ground, among others, that it is frivolous.

The defendant-appellant, in order to show that the appeal is not frivolous, maintains that the court a quo erred in deciding for the plaintiff and in ordering the appellant to pay the appellee the amounts stated in the judgment, because the complaint does not state facts sufficient to constitute a cause of action, since it does not allege that the promissory notes to which it refers were delivered to the appellee, or at least that the latter is in possession of the notes.

The appellant contends that in the case of *Schlüter & Co.* v. *González,* 34 P.R.R. 292, this court held that in actions on promissory notes the delivery, or at least the possession of the notes by the plaintiff, as well as their making, must be alleged. In the case cited it is also said that if the plaintiff had alleged that he was the holder of the instruments the allegation of delivery would not have been indispensable, for the law presumes delivery in such cases, unless the presumption can be destroyed.

It is true that the plaintiff does not allege in a specific manner that he is in possession of the promissory notes, but he states and repeats that he attaches the notes to the complaint, making them form part thereof. This allegation

594

shows clearly that the instruments were in his possession when he attached them to the complaint and made them form an integral part of his allegations.

The appeal taken is in our opinion frivolous and must be dismissed.

Mr. Chief Justice Del Toro took no part in the decision of this case.